IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TOWNSHIP OF BENSALEM,**<br><br>*Plaintiff*,<br><br>v.<br><br>**LENNAR MPA, LLC, and LENNAR MPA WIP, LLC, and LENNAR CORPORATION,**<br><br>*Defendants*. | CIVIL NO. 2:23-CV-_____<br><br>TRANSFEROR COURT:<br>Court of Common Pleas<br>Bucks County<br>Case No. 2023-07696 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Lennar MPA, LLC, Lennar MPA WIP, LLC, and Lennar Corporation (collectively, "Defendants"), by and through undersigned counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and, in support thereof, aver as follows:

### I. BACKGROUND

1. On December 7, 2023, plaintiff Township of Bensalem ("Plaintiff") filed a Verified Complaint against Defendants in the Pennsylvania Court of Common Pleas for Bucks County (the "State Court"), commencing the action entitled *Township of Bensalem v. Lennar MPA, LLC et al.*, Case No. 2023-07696 (the "State Court Action"). A copy of the Complaint is attached hereto as **Exhibit A**.

2. The Complaint has not yet been served upon Defendants, but Defendants received notice of the Complaint via email on December 8, 2023. *See* Declaration of Tilghman, attached hereto as **Exhibit B**, at ¶ 8.

3. Defendants have not filed any responsive pleading in the State Court. A copy of the state court docket is attached hereto as **Exhibit C**.

4. Removal of this action is timely because this notice is filed within 30 days from Defendants receiving notice of the Complaint. *See* 28 U.S.C. § 1446(b)(1).

5. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly serve this Notice on Plaintiff and file a copy with the State Court.

6. Venue is proper in the Eastern District of Pennsylvania because the State Court Action was filed in a county within the Eastern District. *See* 28 U.S.C. §§ 1441(a), 1446(a).

## I.  GROUNDS FOR REMOVAL

### A. The Court has Diversity Jurisdiction Over the State Court Action Pursuant to 28 U.S.C. § 1332

7. 28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states."

8. Here, both prongs of the test are met.

9. ***First,*** the allegations of the Complaint plainly demonstrate that the amount in controversy exceeds $75,000. *See* Exhibit A hereto, at ¶¶ 68 (Plaintiff seeking entry of an order requiring that Lennar MPA, LLC "hold no less than One Million One Hundred Twenty-Eight Thousand One Hundred Twelve ($1,128,112.00) Dollars in cash in its Company account(s)"); 73 (Plaintiff alleging that "it will be required to engage a contractor to perform the scope of work set forth in the Revised Impact Fee Agreement," which agreement is attached as Exhibit 2 to the Complaint and estimates that construction costs will be "in excess of Nine Hundred Forty Six Thousand Dollars ($946,000)").

10. ***Second,*** Plaintiff and the Defendants are citizens of different states.

11. A corporation is a citizen of the state(s) where it is incorporated and where its principal place of business is. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015); 28 U.S.C. § 1332.

12. A corporation's place of business is generally its headquarters or "the place where a corporation's officer's direct, control, and coordinate the corporation's activities," also referred to as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (internal citations omitted).

13. Citizenship of a limited liability company is determined by the citizenship of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (internal citation omitted). "[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Id.* (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).

14. As alleged in the Complaint, Plaintiff is "a duly organized Township of the Second Class of the Commonwealth of Pennsylvania entirely situate within Bucks County[.]" *See* Exhibit A, attached hereto, at ¶ 1.

15. Thus, Plaintiff is a citizen of the Commonwealth of Pennsylvania. *See, e.g., Westfall Twp. v. Darwin Nat'l Assur. Co.*, 2015 U.S. Dist. LEXIS 1564, at *6 (M.D. Pa. Jan. 7, 2015) ("The citizenship of Westfall Township is not disputed: it is a town in Pennsylvania so is considered a citizen of Pennsylvania.").

16. As also alleged in the Complaint, defendant Lennar Corporation is incorporated in the State of Delaware. Exhibit A at ¶ 5. *See also*, Exhibit B at ¶ 2.

17. Lennar Corporation's principal place of business is Miami, Florida. *Id.*

18. Accordingly, Lennar Corporation is a citizen of the State of Delaware and the State of Florida.

19. Defendants Lennar MPA, LLC and Lennar MPA WIP, LLC are Delaware limited liability companies. *Id.* at ¶ 3.

20. Defendant Lennar MPA, LLC's sole member is U.S. Home, LLC. *Id.* at ¶ 4.

21. Defendant Lennar MPA WIP, LLC's sole member is U.S. Home, LLC. *Id.* at ¶ 5.

22. U.S. Home, LLC is a limited liability company, and its sole member is Lennar Corporation. *Id.* at ¶¶ 4, 6.

23. The citizenship of defendants Lennar MPA, LLC and Lennar MPA WIP, LLC is therefore determined by, and the same as, the citizenship of Lennar Corporation.

24. All three defendants are thus citizens of the State of Delaware and the State of Florida, resulting in complete diversity between the Plaintiff and Defendants.

25. Because the matter in controversy exceeds $75,000 and the parties are diverse, this Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

26. By filing this Notice of Removal, Defendants do not waive and specifically reserve their rights to assert any defenses and/or objections to the Complaint to which they may be entitled.

27. Should Plaintiff move to remand this case, Defendants respectfully request an opportunity to respond more fully in support of removal.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | **BRAVERMAN KASKEY GARBER PC** |
| Dated: December 26, 2023 | BY: | */s/ Benjamin A. Garber* |
|  |  | BENJAMIN A. GARBER, ESQUIRE |
|  |  | One Liberty Place, 56th Floor |
|  |  | 1650 Market Street |
|  |  | Philadelphia, Pennsylvania 19103 |
|  |  | bgarber@braverlaw.com |
|  |  | *Attorneys for Defendants* |