# Exhibit A

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq;



## COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

TOWNSHIP OF BENSALEM

vs.

LENNAR MPA LLC

NO.  2023-07696

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Bucks County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:  JOSEPH WILLIAM PIZZO, Esq., ID: 63268

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**   ☐ Yes   ☒ No

**MDJ Appeal**   ☐ Yes   ☒ No        **Money Damages Requested** ☒

**Commencement of Action:**        **Amount in Controversy:**

Complaint                 More than $50,000

## Case Type and Code

Contract:

Other

**Other:**   VOIDABLE TRANSACTIONS ACT

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq;

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| TOWNSHIP OF BENSALEM, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| -v- | : | |
| | : | |
| LENNAR MPA, LLC, *and* | : | No. |
| LENNAR MPA WIP, LLC, *and* | : | |
| LENNAR CORPORATION, | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

<u>NOTICE TO DEFEND</u>

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) DAYS after this Pleading is served by entering a written appearance personally or by attorney, and filing with the Court, in writing, your defense or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
BUCKS COUNTY BAR ASSOCIATION
135 EAST STATE STREET
DOYLESTOWN, PA  18901
(215) 348-9413

RUDOLPH CLARKE, LLC

By: /S/ _____
    Joseph W. Pizzo
    Supreme Court I.D. No. 63268
    jpizzo@rudolphclarke.com
    Kenneth Ferris
    Supreme Court I.D. No. 92335
    kferris@rudolphclarke.com
    7 Neshaminy Interplex, Suite 200
    Trevose, PA 19053
    tel. 215.633.1890

Dated: December 7, 2023

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq.

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| TOWNSHIP OF BENSALEM, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| -v- | : | |
| | : | |
| LENNAR MPA, LLC, *and* | : | No. |
| LENNAR MPA WIP, LLC, and | : | |
| LENNAR CORPORATION, | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

<u>COMPLAINT</u>

And now comes the Plaintiff, the Township of Bensalem, by and through its attorneys and solicitors, to file the instant Complaint against the Defendants, Lennar MPA, LLC, Lennar MPA WIP, LLC, and Lennar Corporation, and in support thereof aver as follows:

**Parties to the Action**

1.      The Plaintiff is the Township of Bensalem (hereinafter "Bensalem" or "Bensalem Township") a duly organized Township of the Second Class of the Commonwealth of Pennsylvania entirely situate within Bucks County, maintaining a principal office address of 2400 Byberry Road, Bensalem, Bucks County, within the Commonwealth of Pennsylvania.

2.      Defendant Lennar MPA, LLC is a limited liability company or other similar entity, formed under the Business and Corporation Law of the State of Delaware and registered with the Department of State of the Commonwealth of Pennsylvania to conduct business within the Commonwealth, with a registered office within Pennsylvania in care of "Corporate Creations Network, Inc.," 1001 State Street #1400, Erie, Erie County.

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

3.      Defendant For the transactions at issue in the instant matter, Defendant Lennar MPA, LLC utilized the offices of "Lennar Mortgage," a registered service mark of Defendant Lennar Corporation.

4.      Defendant Lennar MPA WIP, LLC is a limited liability company or other similar entity formed under the Business and Corporation Law of the State of Delaware and registered with the Department of State of the Commonwealth of Pennsylvania to conduct business within the Commonwealth, with a registered office within Pennsylvania in care of "Corporate Creations Network, Inc.," 1001 State Street #1400, Erie, Erie County.

5.      Defendant Lennar Corporation is a for profit corporation or other similar entity formed under the Business and Corporation Law of the State of Delaware and registered with the Department of State of the Commonwealth of Pennsylvania to conduct business within the Commonwealth, with a registered office within Pennsylvania in care of "CT Corporation System," 600 North Second Street, Suite 401, Harrisburg, Dauphin County.

6.      It is believed, and therefore it is averred, that Defendant Lennar Corporation is a company in the business of developing real estate primarily or exclusively of a residential nature, and in furtherance of this purpose, Defendant Lennar Corporation acquires, subdivides, and improves land, constructs residential housing units upon such land, and ultimately sells such residential housing units to consumers.

7.      It is believed, and therefore it is averred, that Defendant Lennar MPA, LLC is a "special purpose entity" and subsidiary of Defendant Lennar Corporation, formed solely for the purpose of, among other things, acquiring, holding, developing, marketing, and selling a certain residential land development project on parcel(s) of real property located between the Delaware River and State Road entirely situate within the Township of Bensalem, Bucks County, which such project is known as and/or is commonly referred to as "Waterside By Lennar" and/or "Waterside."

8.      It is similarly believed, and therefore it is averred, that Defendant Lennar MPA WIP, LLC is a "special purpose entity" and subsidiary of Defendant Lennar Corporation, formed solely for the purpose of, among other things, acquiring, holding, developing, marketing, and selling a certain residential land development project on parcel(s) of real property located between the Delaware

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq;

River and State Road entirely situate within the Township of Bensalem, Bucks County, which such project is known as and/or is commonly referred to as "Waterside By Lennar" and/or "Waterside."

9.      It is believed, and therefore it averred, that Defendants Lennar MPA, LLC and/or Lennar MPA WIP, LLC have sold residential housing units located within the "Waterside by Lennar" land development project, and have distributed, and continue to distribute, the residue from sales of residential housing units located within the "Waterside by Lennar" land development project, less the costs of development and construction, to Defendant Lennar Corporation.

10.      It is believed, and therefore averred, that as of the date of this Complaint, Defendant Lennar MPA, LLC holds title to the final two (2) remaining residential housing units located within the "Waterside By Lennar" land development project, and that both these remaining residential housing units are under agreement of sale to separate and discrete buyers.

11.      It is believed, and therefore averred, that the plan and intention of all Defendants is that following the sale to consumers of the remaining residential housing units currently held by the aforementioned "special purpose entities," Defendant Lennar MPA, LLC and/or Defendant Lennar MPA WIP, LLC, will thereafter distribute the proceeds of such final sales to the Defendant Lennar Corporation, and as a result of such distribution(s), the Defendants Lennar MPA, LLC and/or Lennar MPA WIP, LLC will cease to be "going concerns" and will hold no significant assets with which to meet their now extant debts and obligations, including a substantial obligation arising from and/or associated with the Waterside by Lennar land development project and owed by Defendant Lennar MPA, LLC and/or Defendant Lennar MPA WIP, LLC to the Plaintiff, the Township of Bensalem, as more fully set forth below.

12.      It is therefore believed and averred that upon the event of the sale to consumers of the remaining residential housing units currently held by the aforementioned "special purpose entities," the completion of the closings associated with such sales, and the distribution to Defendant Lennar Corporation of the residual cash received by Defendants Lennar MPA, LLC and/or Lennar MPA WIP, LLC following such sales, Defendants Lennar MPA, LLC and/or Lennar MPA WIP, LLC will thereafter retain insufficient cash to meet their extant debts and obligations, including a substantial obligation arising from and/or associated with the Waterside by Lennar land development project and owed by Defendant Lennar MPA, LLC and/or Defendant Lennar MPA WIP, LLC to the Plaintiff, the Township of Bensalem, as more fully set forth below.

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq.

## Jurisdiction and Venue

13.     Jurisdiction of the Courts of the Commonwealth of Pennsylvania over all Defendants is lawful by virtue of, *inter alia*, each of the Defendants having registered with the Pennsylvania Department of State Bureau of Corporations and Charitable Organizations to qualify to conduct business within the Commonwealth as foreign corporations or other entities as set forth in 42 Pa.C.S.A. § 5301(a)(2)(i)-(a)(3)(i).

14.     Venue may be laid in the Court of Common Pleas of Bucks County under the authority of Pa.R.C.P. No. 2179(a)(2); (a)(3); and (a)(4), as all Defendants regularly conduct business in Bucks County, the Plaintiff's causes of action arose in Bucks County, and the transaction out of which the Plaintiff's causes of action arose took place in Bucks County.

## The Waterside Development

15.     In or about January of 2007, the Bensalem Township Council granted final subdivision and land development approval to a Subdivision and Land Development Plan Application submitted jointly by Bensalem Redevelopment, L.P. and Waterside Bensalem Development, L.P., two non-party limited partnerships created by and/or on behalf of the residential real estate developer and builder "Mignatti Companies," for a proposed land development project consisting of and including, among other things, six hundred five (605) residential housing units and attendant commercial space, all of which was to be constructed upon on approximately forty five (45) acres of real property located between State Road and the Delaware River within the Township of Bensalem and consisting of Bucks County Tax Map Parcel Numbers 02-065-022, 02-64-139, and 02-64-138 (hereinafter the "Waterside Project Site"), which land development was and is the land development project commonly referred to as "Waterside."

16.     As a condition of subdivision and land development approval, and as required by the Bensalem Township Impact Fee Ordinance, Section 126-1, *et seq.* of the Bensalem Township Code, and the Bensalem Township Subdivision and Land Development Ordinance, Sections 201-43(c)(1)1 and 201-163 of the Bensalem Township Code, the Waterside project was subject to the assessment and payment of a Traffic Impact Fee, which Traffic Impact Fee was to be paid to the Township on a

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

per housing unit basis at the time of building permit application for each of the aforementioned six hundred five (605) residential housing units.

17.    Similarly, as a condition of subdivision and land development approval, and as required by the Bensalem Township Subdivision and Land Development Ordinance, Sections 201-103 of the Bensalem Township Code, the Waterside project was subject to the assessment and payment of a Recreation and Open Space Lands Fee, which Recreation and Open Space Lands Fee was to be paid to the Township on a per housing unit basis at the time of building permit application for each of the aforementioned six hundred five (605) residential housing units.

18.    In or about March of 2010, the Bensalem Township Council amended and restated the final subdivision and land development approval for the Waterside project, so as to reflect certain changes that had been made to the Subdivision and Land Development Plans for the Waterside Project Site.

19.    As a condition of March 2010 restated subdivision and land development approval, and as required by the Bensalem Township Impact Fee Ordinance, Section 126-1, *et seq.* of the Bensalem Township Code, and the Bensalem Township Subdivision and Land Development Ordinance, Sections 201-43(c)(1)1 and 201-163 of the Bensalem Township Code, the Waterside project remained subject to the assessment and payment of a Traffic Impact Fee, which Traffic Impact Fee was to be paid to the Township on a per housing unit basis at the time of building permit application for each of the aforementioned six hundred five (605) residential housing units.

20.    In addition to the payment of the aforementioned Traffic Impact Fee, as a condition of March 2010 restated subdivision and land development approval for the Waterside project, the then third-party applicants/developers of the Waterside project agreed to construct certain roadway improvements and appurtenances on, at, and to the section of State Road on which the Waterside Project Site fronted and/or abutted.

21.    In addition to the payment of the aforementioned Traffic Impact Fee, as a condition of March 2010 restated subdivision and land development approval for the Waterside project, the then third-party applicants/developers of the Waterside project also agreed to construct roadway improvements and appurtenances on, at, and to sections of State Road on which the Waterside Project Site did not front and/or abut, together with roadway improvements and appurtenances on, at,

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

and to the I-95/Street Road Interchange (hereinafter, collectively, the "Off-Site Roadway Improvements").

22.    As to these Off-Site Roadway Improvements, it was agreed at the time of the March 2010 restated subdivision and land development approval that the value of such Off-Site Roadway Improvements would be a credit to the then third-party Developers against the amount of the Traffic Impact Fee due and owing to the Township for the Waterside project, and that the Developers' obligation to pay the Traffic Impact Fee for the subject residential housing units would be waived on the express condition that the Waterside Developers complete construction of agreed upon Off-Site Roadway Improvements valued in an amount equal to or greater than the total amount of the Traffic Impact Fee for the Waterside project.

23.    As to these Off-Site Roadway Improvements, it was further agreed at the time of the March 2010 restated subdivision and land development approval that the scope and the value of such Off-Site Roadway Improvements would be determined by the Township, the Township Engineer, and/or the Township Traffic Engineer, and it was acknowledged by the Township and the then Developer that the improvements to State Road and Street Road were necessary so as to mitigate the impact of the additional traffic on those roadways and within the Riverfront area of the Township that would be generated by the construction of the six hundred five (605) new residential housing units and the attendant new commercial space on the approximately forty five (45) acres of land that constitute the Waterside Project Site.

24.    As in the case of the January 2007 subdivision and land development approval, as a condition of March 2010 restated subdivision and land development approval for the Waterside project, and as required by the Bensalem Township Subdivision and Land Development Ordinance, Sections 201-103 of the Bensalem Township Code, the Waterside project was subject to the assessment and payment of a Recreation and Open Space Lands Fee, which Recreation and Open Space Lands Fee was to be paid to the Township on a per housing unit basis at the time of building permit application for each of the aforementioned six hundred five (605) residential housing units.

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

**Impact Fee Agreement and Revised Impact Fee Agreement**

25.     As provided for in, and as anticipated by, the March 2010 restated subdivision and land development approval for the Waterside project, on or about October 27, 2014, the Plaintiff Township of Bensalem and Waterside Phase 1, LLC, a non-party limited liability company created by and/or on behalf of the residential real estate developer and builder Mignatti Corporation and the then owner of the Waterside Project Site, entered into a certain "Impact Fee Agreement – Phase I (1 & 1A)," applicable to the construction of the Off-Site Improvements associated with the Waterside project (the "Phase I Impact Fee Agreement").  Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of the original "Impact Fee Agreement – Waterside Phase I (1 & 1A)."

26.     Under the terms of the Phase I Impact Fee Agreement, the agreed upon Off-Site Improvements to be performed by the then Developer we an extension of the three-lane section of State Road near the Waterside project, a northbound Interstate-95 right turn lane at the I-95/Street Road Interchange, and a southbound Interstate-95 traffic signal at the I-95/Street Road Interchange as had by then been approved by the Township and the Pennsylvania Department of Transportation ("PennDOT").

27.     Under the terms of the Phase I Impact Fee Agreement, the per residential unit Traffic Impact Fee for the Waterside project was determined to be One Thousand Five Hundred Sixty-Two and Nine Hundredths ($1,562.09) Dollars, making the total Traffic Impact Fees for the Waterside project to be Nine Hundred Forty-Five Thousand Sixty ($945,060.00) Dollars.

28.     At the time the Township and the then Developer entered into Phase I Impact Fee Agreement the policy of the Township was to collect the total Traffic Impact Fees for the project from the Developer at the time of the submission by the Developer of the first building permit application(s) for the Waterside project, and accordingly, the then Developer would have, and should have, paid the total Traffic Impact Fees for the Waterside project of Nine Hundred Forty-Five Thousand Sixty ($945,060.00) Dollars prior to the start of construction of any of the residential housing units of the Waterside project.

29.     As reflected in the language of the Phase I Impact Fee Agreement, in order to reduce the "financial impact" that the payment of the total Traffic Impact Fees due and owing would have had on the then Developer at the outset of the construction of the Waterside project, the Township

7

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

and the then Developer agreed to modify the timing of the per residential unit Traffic Impact Fee for Phase I of the Waterside project such that the Traffic Impact Fee associated with a residential housing unit would be paid to the Township by the Developer prior to the issuance of any permit or approval for the occupancy of that residential housing unit.

30.    Further, as reflected in the language of the Phase I Impact Fee Agreement, the then Developer was required to have paid to the Township all Traffic Impact Fees associated with Phase I of the Waterside project, and was also to have acquired all PennDOT approvals for the construction of the Off-Site Improvements, prior to the Township signing land development plans and/or issuing any permits for any other Phases of the Waterside project and/or portions of the Waterside Project Site.

31.    As further reflected in the language of the Phase I Impact Fee Agreement, upon satisfaction of all of the terms and conditions of the Phase I Impact Fee Agreement by the then Developer, the Township would apply all of the Traffic Impact Fees paid to and collected by the Township to the then Developer's cost of the Off-Site Improvements in a methodology agreeable to the Township and the then Developer, and, alternatively, if the Development Agreement for Phase I of the Waterside project was terminated for any reason prior to the completion of Phase I of the Waterside project, then all of the applicable Traffic Impact Fees would become immediately due and payable to the Township.

32.    Phase I of the Waterside project was thereafter commenced by the then Developer, Waterside Phase 1, LLC, and during the course of its construction of Phase I of the Waterside project, the then Developer paid to the Township Traffic Impact Fees for Phase I of the Waterside project in the amount of Two Hundred Forty Thousand ($240,000.00) Dollars.

33.    In or around 2019, the Waterside project came to be acquired by Defendant Lennar Corporation via its special purpose entities Defendant Lennar MPA, LLC and/or Defendant Lennar MPA WIP, LLC, and Defendant Lennar MPA, LLC became the assignee of certain rights and duties of the Waterside Phase 1, LLC entity in regard to the Waterside project, including, but not limited to, the duties of the Waterside Phase 1, LLC entity under the Phase I Impact Fee Agreement.

34.    Accordingly, as the assignee of the Waterside Phase 1, LLC entity, Defendant Lennar MPA, LLC was subject to all of the conditions precedent to the issuance of permits, including

8

Case# 2023-07696-0 - JUDGE 39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq.

building permits, for future Phases of the Waterside project, including Phases 2 and 3 of the same, to all of the conditions regarding the construction of the Off-Site Improvements, and to all of the conditions otherwise applicable to the payment and collection of the Traffic Impact Fees for the Waterside project.

35.     In furtherance of the acquisition of the Waterside project by Defendant Lennar Corporation via its special purpose entities Defendant Lennar MPA, LLC and/or Defendant Lennar MPA WIP, LLC, in or about October of 2019 the Township and Defendant Lennar MPA, LLC entered a "Revised Impact Fee Agreement Waterside – Phase 2 and Phase 3" (hereinafter the "Revised Impact Fee Agreement").  Attached hereto as Exhibit "2" is a true and correct copy of the "Revised Impact Fee Agreement – Phase 2 and Phase 3."

36.     Under the terms of the Revised Impact Fee Agreement, Defendant Lennar MPA, LLC remained obligated to construct the Off-Site Improvements, however, the parties agreed to a change in the scope of the agreed upon Off-Site Improvements to be constructed by Defendant Lennar MPA, LLC, such that the Off-Site Improvements would now be a widening of State Road to three lanes, together with other appurtenant roadway and drainage improvements associated with the State Road widening, beginning at or near the northernmost property line of the Waterside Project Site and extending northward to the southernmost property line of the Columbus Country Club, all as more specifically described in the Revised Impact Fee Agreement, the Exhibits thereto, and in the Highway Occupancy Permit applied for by, and issued to, Defendants by PennDOT for the subject Off-Site Improvements.

37.     Similarly, under the terms of the Revised Impact Fee Agreement, the per residential unit Traffic Impact Fee for the Waterside project remained be One Thousand Five Hundred Sixty-Two and Nine Hundredths ($1,562.09) Dollars, and the total Traffic Impact Fees for the Waterside project were rounded by the parties to Nine Hundred Forty-Six Thousand ($946,000.00) Dollars.

38.     Similarly, under the terms of the Revised Impact Fee Agreement, the Township would still apply all of the Traffic Impact Fees paid to and collected by the Township from the then Developer to the cost of the Off-Site Improvements, which amount of Traffic Impact Fees then already paid to and collected by the Township totaled Two Hundred Forty Thousand ($240,000.00) Dollars.

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

39.    Further, as the scope of the Off-Site Improvements had changed under the terms of the Revised Impact Fee Agreement, and the then estimated cost of construction of the Off-Site Improvements had increased from what was originally contemplated by the parties under the Phase I Impact Fee Agreement, the Township further agreed that under the terms of the Revised Impact Fee Agreement the Recreation and Open Space Lands Fees that had yet to be paid to the Township for Phases 2 and 3 of the Waterside project could also be applied to the Defendants' cost of constructing the Off-Site Improvements, which remaining unpaid Recreation and Open Space Lands Fees were calculated to be in the amount of One Hundred Eighty-Two Thousand One Hundred Twelve ($182,112.00) Dollars.

40.    The Revised Impact Fee Agreement includes and incorporates a Plan and a Schedule of Values estimating the then costs of the Off-Site Improvements in 2019, which estimated cost was One Million Two Hundred Sixty-Nine Thousand Four Hundred Ninety-Two ($1,269,492.00) Dollars.

41.    As set forth above, under the terms of the Revised Impact Fee Agreement, the Township has agreed to allow Defendant Lennar MPA, LLC to apply Traffic Impact Fees otherwise required to be paid to the Township for the Waterside project in the amount of Nine Hundred Forty-Six Thousand ($946,000.00) Dollars, and to apply Recreation and Open Space Lands Fees otherwise required to be paid to the Township for the Waterside project in the amount of One Hundred Eighty-Two Thousand One Hundred Twelve ($182,112.00) Dollars, against its estimated cost of construction of the Off-Site Improvements in the total amount of One Million One Hundred Twenty-Eight Thousand One Hundred Twelve ($1,128,112.00) Dollars. Exhibit "2," p. 2, article 2.

42.    To further, and once again, lessen the "financial burden" on the Developer(s) of the Waterside project, and inasmuch as the commencement and completion of the Off-Site Improvements by Defendant Lennar MPA, LLC was the occur "promptly" and "expeditious[ly]" from the time of parties executing the Revised Impact Fee Agreement, Township further agreed that under the terms of the Revised Impact Fee Agreement, going forward Defendant Lennar MPA, LLC would not be required to pay to the Township the aforementioned future Traffic Impact Fees and Recreation and Open Space Lands Fees, and rather Defendant Lennar MPA, LLC would be permitted to retain those fees so as to apply them directly to the various costs associated with the construction of the Off-Site Improvements.

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

43.     As in the case of the Phase I Impact Fee Agreement, under the terms of the Revised Impact Fee Agreement if the Agreement for is terminated for any reason prior to the completion of Phases 2 and 3 of the Waterside project, then all of the Traffic Impact Fees, together with the Phase 2 and 3 Recreation and Open Space Lands Fees, would become immediately due and payable to the Township.

44.     Thereafter, Defendants commenced with the development and construction of Phases 2 and 3 of the Waterside project, and consistent with the terms of the Revised Impact Fee Agreement, the Township did not collect the Traffic Impact Fees nor the Recreation and Open Space Lands Fees otherwise required to be paid to the Township by Defendant Lennar MPA, LLC prior to the issuance of building permits for the residential housing units within the Waterside project.

45.     Similarly, as Defendants completed construction of the various residential housing units within the Waterside project and proceeded to sell the same to consumers, consistent with the terms of the Revised Impact Fee Agreement, the Township did not collect the Traffic Impact Fees nor the Recreation and Open Space Lands Fees otherwise required to be paid to the Township by Defendant Lennar MPA, LLC prior to the issuance use and occupancy permits for the residential housing units within the Waterside project.

46.     Consistent with the terms of the Revised Impact Fee Agreement, and in good faith reliance on the representations of the Defendants that they intended to construct the Off-Site Improvements as agreed, the Township continued to issue use and occupancy permits for the various residential housing units being constructed and sold by Defendant Lennar MPA, LLC despite the otherwise required Traffic Impact Fees and Recreation and Open Space Lands Fees having not been paid to the Township, and despite the contractually required Off-Site Improvements having not been constructed by Defendant Lennar MPA, LLC.

**Lennar MPA, LLC Fails to Perform Under the Revised Impact Fee Agreement**

47.     As of the date of this Complaint, despite the Township and Defendants having agreed on a scope of work for the Off-Site Improvements in 2019, and despite PennDOT having issued a Highway Occupancy Permit to Defendant Lennar MPA, LLC   that, among other things, allows for the Off-Site Improvement work to commence, Defendants have nonetheless failed to commence with the Off-Site Improvement work as agreed under the Revised Impact Fee Agreement.

11

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

48.     Upon information and belief, Defendant Lennar MPA, LLC currently owns only two (2) remaining residential housing units within the Waterside project, both of which are under agreements of sale to be sold to different purchasers thereof.

49.     It is believed, and therefore it is averred, that Defendant special purpose entity Lennar MPA, LLC and/or Defendant special purpose entity Lennar MPA WIP, LLC has and/or have distributed, and continue to distribute, residue from the sale of residential housing units located within the Waterside project, less costs incurred in the development process, to its/their parent entity, Defendant Lennar Corporation.

50.     Although Defendant Lennar MPA, LLC has sold almost all of the residential housing units within in the Waterside Project, and has further turned over control of the Waterside Homeowners' Association and its assets to the owners of the residential housing units within the Waterside Project, the Defendant has failed to perform its duties to construct and complete the Off-Site Improvements, constituting a breach of the Revised Impact Fee Agreement.

51.     The Plaintiff believes and therefore avers that upon the completion of sale of the two (2) remaining residential housing units within the Waterside Project, Defendant Lennar MPA, LLC will distribute the residue of those sales to its parent entity Defendant Lennar Corporation, after which time the former will utterly lack the resources to perform its duties under the Revised Impact Fee Agreement, namely the construction and completion of the Off-Site Improvements.

**THE PENNSYLVANIA UNIFORM VOIDABLE TRANSACTIONS ACT**
**12 Pa.C.S.A. § 5101 *et seq*.**

52.     The Pennsylvania Uniform Voidable Transactions Act, 12 Pa.C.S.A. § 5101 *et seq*. provides relief for creditors with claims whether or not the claims are reduced to judgment, where the debtor intends to transfer or has transferred assets from itself to third parties rendering the debtor unable to perform its obligations under the claim.[1]

---

[1]  The Pennsylvania Voidable Transactions Act defines "Creditor" as "[a] person who has a claim" and "Claim" as " . . . a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." "Asset" is defined as "[p]roperty of a debtor." 12 Pa.C.S.A. § 5101(b). The State of New Jersey, the situs of Defendant Lennar MPA, LLC's office address in the Revised Impact Fee Agreement, has adopted a substantially similar version of the Voidable Transactions Act at NJ Rev Stat § 25:2-20.

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq;

**Transfers Made with Intent to Hinder Creditors**
**12 Pa.C.S.A. § 5104(a)(1)**

53.      Generally "[a] transfer made . . . by a debtor is voidable as to the creditor . . . if the debtor made the transfer . . . with actual intent to hinder, delay or defraud any creditor of the debtor . . ." 12 Pa.C.S.A. § 5104(a)(1).

54.      In determining actual intent to hinder creditors, the Court may give consideration to such factors as, *inter alia*, that: the transfer was to an insider; the debtor retained possession or control of the property after the transfer; the debtor had been threatened with suit before the transfer; the transfer was substantially all of the debtor's assets; and, the debtor was insolvent or became insolvent shortly after the transfer. 12 Pa.C.S.A. § 5104(b)(1); (b)(2); (b)(4); (b)(5); (b)(9).

**Transfers Made without Receipt of Reasonably Equivalent Value**
**12 Pa.C.S.A. § 5104(a)(2)**

55.      Generally "[a] transfer made . . . by a debtor is voidable as to the creditor . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor: (i) was engaged or was about to engage in a . . . transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." 12 Pa.C.S.A. § 5104(a)(2).

**Transfers Made Rendering Debtor Insolvent**
**12 Pa.C.S.A. § 5105**

56.      Further, "[a] transfer made . . . by a debtor is voidable as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer . . ." 12 Pa.C.S.A. 5105(a).

13

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

**Injunctive Relief Authorized**
**12 Pa.C.S.A. § 5107**

57.     The Voidable Transaction Act authorizes the remedy of avoiding a transaction which is made with intent to hinder or defraud creditors, is made without receipt of reasonably equivalent value in relation to the remaining assets of the debtor, and/or which renders the debtor insolvent; further, the Act provides that "[s]ubject to applicable principles of equity and in accordance with applicable rules of civil procedure . . . [a creditor may obtain] . . . an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property . . . 12 Pa.C.S.A. 5107(a).

58.     It is believed, and therefore it is averred, that following the sale to consumers of the remaining two (2) residential housing units within the Waterside Project, Defendant special purpose entity Lennar MPA, LLC intends to distribute the residue of the sales from the Defendant special purpose entity to Defendant Lennar Corporation without return of reasonably equivalent value, rendering Defendant Lennar MPA, LLC unable to meet its obligations under the Revised Impact Fee Agreement to Plaintiff Bensalem Township, thereby defrauding the Township, and further rendering Defendant Lennar MPA, LLC insolvent.

59.     It is similarly believed, and therefore it is averred, that following the sale to consumers of the remaining two (2) residential housing units within the Waterside Project, Defendant special purpose entity Lennar MPA WIP, LLC intends to distribute the residue of the sales from the Defendant special purpose entity to Defendant Lennar Corporation without return of reasonably equivalent value, rendering Defendant Lennar MPA WIP, LLC unable to meet its obligations under the Revised Impact Fee Agreement to Plaintiff Bensalem Township, thereby defrauding the Township, and further rendering Defendant Lennar MPA WIP, LLC insolvent.

60.     The Plaintiff, Bensalem Township, seeks the entry of a Decree in its favor voiding any and all transfers of property by and between special purpose entity Defendants Lennar MPA, LLC and Lennar MPA WIP, LLC and Defendant Lennar Corporation: 1) intended to hinder or defraud the Plaintiff; 2) made without receipt of reasonably equivalent value by Defendant Lennar MPA, LLC causing it to incur debts which it will be unable to pay; and/or 3) which have rendered or will render Defendant Lennar MPA, LLC insolvent and thereby unable to meet its obligations to Plaintiff Bensalem Township.

14

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

61.    It is believed, and therefore it is averred, that Defendant Lennar MPA, LLC is a "Declarant" of a Planned Community for the Waterside Project under the Pennsylvania Planned Community Act, 68 Pa.C.S.A. § 5101-5414, and as such owes substantial duties to the owners of units within the Waterside Project which should be accounted for in determining the reasonableness of its retained assets relative to its obligations.

## COUNT I
### VOIDABLE TRANSACTIONS/EQUITY
### 12 Pa.C.S.A. § 5101 *et seq.*

62.    The Plaintiff, Bensalem Township, incorporates each of the foregoing allegations herein as if set forth at length.

63.    The unperformed obligations incurred by Defendants Lennar MPA, LLC and/or Defendant MPA WIP, LLC in the Revised Impact Fee Agreement constitute a "claim" and thereby a right to payment from the Defendant to Bensalem Township under the definition of "claim" as used in the Voidable Transactions Act. See, specifically, 12 Pa.C.S.A. § 5101(b).

64.    Accordingly, Plaintiff Bensalem Township is a "creditor" within the meaning of that term as used in the Voidable Transactions Act. *Id.*

65.    Defendants Lennar MPA, LLC and/or Lennar MPA WIP, LLC are therefore a "debtor" within the meaning of that term as used in the Voidable Transactions Act. *Id.*

66.    The Voidable Transactions Act defines "[t]ransfer" to mean "[e]very mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset . . . [t]he term includes payment of money, release, lease, license and creation of a lien or other encumbrance." *Id.*

67.    As set forth at length above, the series of transactions in the form of payment of money from special purpose entity Defendants Lennar, MPA, LLC and/or Lennar MPA WIP, LLC to Defendant Lennar Corporation have been made and will be made with the intent to hinder or defraud the Plaintiff Bensalem Township, are made without receipt of reasonably equivalent value in return from Defendant Lennar Corporation resulting in insufficient assets held by Defendant Lennar MPA,

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq.

LLC, and/or have rendered or will render Defendant Lennar MPA, LLC insolvent at the conclusion of the transfer(s).

68.    The Plaintiff Bensalem Township seeks entry of a Decree in its favor and against all of the Defendants voiding any and all transfers by and between Defendant Lennar MPA, LLC, Defendant Lennar MPA WIP, LLC, and Lennar Corporation, and enjoining any such future transfers, directing that Defendant Lennar MPA, LLC shall hold no less than One Million One Hundred Twenty-Eight Thousand One Hundred Twelve ($1,128,112.00) Dollars in cash in its Company account(s) exclusive of any other obligations incurred by Defendant Lennar MPA, LLC.

WHEREFORE, the Plaintiff Township of Bensalem respectfully requests that this Honorable Court enter a Decree in its favor and against Defendants Lennar MPA, LLC, Lennar MPA WIP, LLC, and Lennar Corporation voiding any past transfers and enjoining any future transfers from Defendant Lennar MPA, LLC and/or Lennar MPA WIP, LLC to Defendant Lennar Corporation, directing that Defendant Lennar MPA, LLC retain no less than One Million One Hundred Twenty-Eight Thousand One Hundred Twelve ($1,128,112.00) Dollars in cash assets exclusive of any and all of Defendant Lennar MPA, LLC's other obligations.

## COUNT II
## BREACH OF CONTRACT

69.    The Plaintiff, Bensalem Township, incorporates each of the foregoing allegations herein as if set forth at length.

70.    As stated at length above, Defendant Lennar MPA, LLC incurred substantial contractual obligations to the Plaintiff Bensalem Township as set forth in the Revised Impact Fee Agreement. Exhibit "2."

71.    Defendant Lennar MPA, LLC has failed to perform its duties to construct improvements to the State Road corridor in Bensalem Township as agreed. See Exhibit "2."

72.    Defendant Lennar MPA, LLC's failure to perform its duties constitutes a breach of the Revised Impact Fee Agreement.

73.    As a consequence of Defendant Lennar MPA, LLC's breach of the Revised Impact Fee Agreement, the Plaintiff Bensalem Township has incurred substantial damages as it will be

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq.

required to engage a contractor to perform the scope of work set forth in the Revised Impact Fee Agreement as part of a "cover transaction" in order to deliver the expected Off-Site Improvements.

WHEREFORE, the Plaintiff Township of Bensalem respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Lennar MPA, LLC in an amount to be determined at hearing or trial, together with interest, reasonable counsel fees, and such other relief as this Honorable Court should deem just and equitable.

## COUNT III
## BREACH OF CONTRACT- SPECIFIC PERFORMANCE
### In the Alternative

74.    The Plaintiff, Bensalem Township, incorporates each of the foregoing allegations herein as if set forth at length.

75.    The Revised Impact Fee Agreement contemplates Defendant Lennar MPA, LLC performing a certain scope of work consisting of roadway improvements to the State Road corridor and to Street Road in Bensalem Township, described more specifically hereinabove as the Off-Site Improvements, so as to mitigate the impact of the additional traffic on those roadways and within the Riverfront area of the Township that would be generated by the construction of the six hundred five (605) new residential housing units and the attendant new commercial space on the approximately forty five (45) acres of land that constitute the Waterside Project Site.

76.    As set forth above, the Defendant Lennar MPA, LLC has failed to perform the work that it had agreed to perform under the Revised Impact Fee Agreement.

77.    The Plaintiff Bensalem Township seeks a Decree in Equity directing Defendant Lennar MPA, LLC to construct the scope of work that it had agreed to construct in the Revised Impact Fee Agreement.

WHEREFORE, the Plaintiff Township of Bensalem respectfully requests that this Honorable Court enter a Decree in its favor and against Defendant Lennar MPA, LLC, directing Defendant Lennar MPA, LLC to perform its duties under the Revised Impact Fee Agreement by constructing the agreed scope of road work along State Road in Bensalem Township together with such other relief the Court shall deem equitable.

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq.

**COUNT IV**
**PROMISSORY ESTOPPEL**
**In the Alternative**

78.     The Plaintiff, Bensalem Township, incorporates each of the foregoing allegations herein as if set forth at length.

79.     Defendant Lennar MPA, LLC made a promise, or series of promises, to Plaintiff Bensalem Township, that it would construct and complete the Off-Site Improvements to the State Road corridor so as to mitigate the impact of the additional traffic on those roadways and within the Riverfront area of the Township that would be generated by the construction of the six hundred five (605) new residential housing units and the attendant new commercial space on the approximately forty five (45) acres of land that constitute the Waterside Project Site.

80.     As a result of Defendant Lennar MPA, LLC's promises, and the Township's reliance thereupon, Plaintiff Bensalem Township, *inter alia*, granted certain approvals and issued certain various permits to Lennar MPA, LLC with respect to the residential housing units located within the Waterside Project, without which Defendant Lennar MPA, LLC would have been unable, at any time, to construct, sell, and/or convey those residential housing units.

81.     Similarly, as a result of Defendant Lennar MPA, LLC's promises, and the Township's reliance thereupon, Plaintiff Bensalem Township, *inter alia*, granted certain approvals and issued certain various permits to Lennar MPA, LLC with respect to the residential housing units located within the Waterside Project, without Defendant Lennar MPA, LLC first paying to the Township the required Traffic Impact Fees and/or the required Recreation and Open Space Lands Fees that Defendant Lennar MPA, LLC was otherwise required to pay to the Township prior to the commencement of construction by Defendant Lennar MPA, LLC of any to the residential housing units located within the Waterside Project, and without which such payment, but for the promises of Defendant Lennar MPA, LLC to the Township, and the Township's reliance thereupon, Defendant Lennar MPA, LLC would have been unable, at any time, to construct, sell, and/or convey any of those residential housing units.

82.     Injustice may only be avoided by enforcing the promises made by Defendant Lennar MPA, LLC by directing it to pay to the Plaintiff Bensalem Township the value of the scope of work which it had promised to perform.

18

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

WHEREFORE, the Plaintiff Township of Bensalem respectfully requests that this Honorable Court enter a Decree in its favor and against Defendant Lennar MPA, LLC directing that the latter pay to Bensalem Township an amount to be determined at hearing or trial, together with interest, reasonable counsel fees, and such other relief as this Honorable Court should deem just and equitable.

Respectfully Submitted,

By: /s/ _____

   Joseph W. Pizzo
Supreme Court I.D. No. 63268
Kenneth Ferris
Supreme Court I.D. No. 92335
Rudolph Clarke, LLC
*Attorneys for Bensalem Township*
7 Neshaminy Interplex, Suite 200
Trevose, PA 19053
tel. 215.633.1890

Dated: December 7, 2023

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | |
|---|---|
| TOWNSHIP OF BENSALEM, | : |
| | : |
| *Plaintiff*, | : |
| | : |
| -v- | : |
| | : |
| LENNAR MPA, LLC, *and* | :     No. |
| LENNAR MPA WIP, LLC, *and* | : |
| LENNAR CORPORATION, | : |
| | : |
| *Defendants*. | : |
| | : |

## VERIFICATION

I, William Cmorey, Director of Administration of Bensalem Township, hereby verify that I am authorized to make this Verification, and that the averments made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. This verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Dated: 12/7/23

William Cmorey
*Director of Administration*
*Township of Bensalem*

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

# Exhibit "1"

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents; E-Filed by: KENNETH FERRIS, Esq.

## IMPACT FEE AGREEMENT

### WATERSIDE – PHASE I (1 & 1A)

#### Tax Map Parcel Nos. 02-65-022, 02-64-139 and 02-64-138

MADE by and between the TOWNSHIP OF BENSALEM, a Pennsylvania township of the Second Class ("Township") and WATERSIDE PHASE 1, LLC, with an address of 2310 Terwood Drive, Huntingdon Valley, Pennsylvania 19006 ("Developer").

#### Background of this Agreement

A.     The Developer is the legal or equitable owner of approximately forty five (45) acres of land located along State Road within the Township and known as Tax Map Parcel Nos. 02-065-022, 02-64-139, and 02-64-138 (the "Waterside Project Site").

B.     On March 24, 2014, the Township Council approved the Land Development Improvements Agreement executed by Developer regarding Phase I (also known as Phase I and IA) of the Waterside Project Site ("Developer Agreement") related to the construction of 176 residential units and various improvements related and associated therewith (the "Project").

{00258508;v1}

1

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

C.    Pursuant to Paragraph 1D of the Developer Agreement, Developer is required to make payment to the Township of Impact Fees required pursuant to the Township Impact Fee Ordinance, Chapter 126 of the Township Code.

D.    It has been determined by the Township Impact Fee Advisory Committee and agreed upon by the Township and Developer that if all 605 residential units approved for the Waterside Project are built, the total of the impact fees payable in accordance with the Impact Fee Ordinance will be $945,060.00 ("Project Impact Fees"). Accordingly, the impact fee payable for each residential unit in the Project is $1,562.09 per residential unit ("Unit Impact Fee") and the total of the Unit Impact Fees for the 176 residential units that comprise Phase I is $274,912.00 (Phase I Impact Fees).

E.    The parties desire to modify the financial impact upon Developer by providing a mechanism for incremental collection of the Phase I Impact Fees, being the payment of each Unit Impact Fee, upon the sale of each of the 176 residential units of the Project.

F.    Accordingly, the parties desire to apply the Unit Impact Fee collection methodology as set forth herein below, subject to all conditions and terms set forth therein in this Impact Fee Agreement.

G.    It is acknowledged by the Township and Developer that prior to any commencement of any additional residential units not within the initial 176 residential units of the Waterside Project Site ("Initial Residential Units") or alternative development or any development on any portion of the remaining phases of the Waterside Project Site ("Remainder of Site"), all required approvals of various off-site roadway related

improvements ("Roadway Improvements") shall first occur. The parties hereto acknowledge that the Roadway Improvements are the extension of the 3-lane section on State Road; northbound I-95 right turn lane; and southbound I-95 traffic signal as each has been previously designated by PennDOT and the Township.

H.    Subject to further approvals by both PennDOT and the Township related to the Roadway Improvements and any construction on any portion of the Remainder of Site, it is intended that the Phase I Impact Fees will be paid over by the Township to the Developer to be applied to the costs of construction of the Roadway Improvements ("Roadway Costs").

NOW THEREFORE, in consideration of the mutual promises contained in this Agreement, and intending to be legally bound, the Developer and the Township agree as follows:

1.    The parties hereto adopt all of the statements set forth in the above "Background of this Agreement", as agreed upon, and fully incorporated herein.

2.    The Developer shall be required to pay to the Township a Unit Impact Fee prior to the issuance of any Township permit or approval permitting the occupancy of a residential unit. Notwithstanding this requirement for payment of a Unit Impact Fee, the Township may adopt a procedure, as the Township in its discretion may determine, to receive such payment at closing on the sale or conveyance of such residential unit.

3.    Prior to Township signing land development plans for  any portion of the Remainder of Site, the Developer shall pay all unpaid Unit Impact Fees for  the Initial Residential Units,  and shall satisfy all requirements and  receive all permits and

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

approvals related to the construction of the Roadway Improvements.

4.    Upon the satisfaction by Developer of all terms and conditions set forth hereinabove, and the terms of all agreements between the parties hereto related to the Initial Residential Units, and various improvements related and associated therewith, the Township shall apply all Impact Fees collected by the Township from the Initial Residential Units towards the cost of the Roadway Improvements to be constructed by the Developer in a methodology agreeable to the Developer and the Township.

5.    In the event the Township amends its Impact Fee Ordinance in accordance with the provisions of Article V-A of the Municipalities Planning Code between the date of this Agreement and December 31, 2018, Developer shall pay the revised impact fee with respect to any Initial Residential Units for which the Unit Impact Fee has not paid by December 31, 2018.

6.    In the event that the Development Agreement is terminated prior to the approved completion of Phase I pursuant to the terms of the Development Agreement, then all unpaid Phase I Impact Fees shall become due and payable.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

IN WITNESS WHEREOF, the Township and the Developer have caused this Agreement to be executed by their appropriate representatives, all of whom have been duly authorized to do so, on the date set opposite their respective names.

TOWNSHIP OF BENSALEM COUNCIL

Date:_____    BY:_____(SEAL)
                                   JOSEPH PILIERI, PRESIDENT

                                   ATTEST:_____

                                   WATERSIDE PHASE 1, LLC
                                   By:  Waterside Development B & C,
                                        LLC,
                                        its Managing Member

Date: _10/27/14_____    BY: _____(SEAL)
                                   STEPHEN MCKENNA, MANAGER

                                   Witness:_____

{00258508;v1}                              5

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq.

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

COMMONWEALTH OF PENNSYLVANIA      :

                                          : ss

COUNTY OF                                              :


On this, the _____ day of _____ , 2014, before me, a

Notary Public for the Commonwealth of Pennsylvania, personally appeared

**JOSEPH PILIERI**, who says that he is the President of the TOWNSHIP OF BENSALEM

COUNCIL, and who, being satisfactorily proven to be the person whose name is

subscribed to the within instrument, acknowledged that he executed the same for the purposes

therein contained.

      I hereunto set my hand and official seal.


                                  NOTARY PUBLIC


                                _____

{00258508;v1}

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

COMMONWEALTH OF PENNSYLVANIA          :

                                      : ss

COUNTY OF *Montgomery*                :


On this, the ___27___ day of ___October___ , 2014, before me, a

Notary Public for the Commonwealth of          Pennsylvania,      personally appeared

_Stephe P McKenna_ , who says that he is the _Managing Member_

of WATERSIDE DEVELOPMENT B&C, LLC Managing Member of WATERSIDE PHASE 1,

LLC, and who, being satisfactorily proven to be the person whose name is subscribed to

the within instrument, acknowledged that he executed the same for the purposes therein

contained.

    I hereunto set my hand and official seal.



                    NOTARY PUBLIC


                    _Karen Gerdy_


                    COMMONWEALTH OF PENNSYLVANIA
                    NOTARIAL SEAL
                    KAREN GERDY, Notary Public
                    Lower Moreland Twp., Montgomery County
                    My Commission Expires March 28, 2016


{00258508;v1}

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

Case# 2023-07696-0 - JUDGE:39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq.

# Exhibit "2"

Case# 2023-07696-0 - JUDGE 39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

## REVISED IMPACT FEE AGREEMENT

## WATERSIDE – PHASE 2 and PHASE 3

## Tax Map Parcel Nos. 02-065-022 and a portion of 02-064-0139

MADE by and between the TOWNSHIP OF BENSALEM, a Pennsylvania Township of the Second Class ("Township") and LENNAR MPA, LLC., with an address of 2465 Kuser Road, 3rd Floor, Hamilton, New Jersey 08690 ("Developer").

### Background of this Agreement

A.    This Revised Impact Fee Agreement is intended to amend and modify the original Impact Fee Agreement  - Phase I (1 & 1A) entered into by Township of Bensalem and Waterside Phase I, LLC, the assignor to Developer as assignee of various portions of the Waterside Project Site involving Phase 2 and Phase 3 thereof.

B.    The roadway improvements to be constructed by the Developer are now intended to extend beyond the State Road portion fronting the Waterside Project Site to the nearest edge of the Columbus Country Club property as a three lane roadway with various defined associated features ("State Road Improvement Project"). A plan of the State Road Improvement Project is attached hereof as Exhibit "A".

C.    As provide this revised Impact Fee Agreement, the extent of the roadway improvements defined in the original Impact Agreement shall be limited to the  extension

{00950252;v1}

1

5941298v2

Case# 2023-07696-0 - JUDGE 39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents
E-Filed by: KENNETH FERRIS, Esq.

of the three lane section of State Road and exclude any improvements related to I95, as was referenced in the original Impact Fee Agreement.

NOW THEREFORE, in consideration of the mutual promises contained in this Agreement, and intending to be legally bound, the Developer and the Township agree as follows:

1.    The Developer agrees to construct the entire State Road Improvement Project subject to the terms of this Agreement.

2.    As a means of reimbursement to the Developer for any additional soft and/or hard construction costs of the State Road Improvement Project, in its entirety, and anticipation a cost of construction costs in excess of Nine Hundred Forty Six Thousand Dollars ($946,000.00) covered in the original Impact Fee Agreement, the Township shall also waive all future recreation fees in the amount of $672/unit ($672 x 271 = $182,112) lawfully imposed upon the Developer for each residential unit within the Phase 2 and Phase 3 projects thereof until Developer is fully reimbursed for its costs of construction of the State Road Improvement Project. Accordingly, the waiver by the Township of both Impact Fees and Recreation Fees shall equal Developer's costs of the State Road Improvement Project.  In the event the Developer is required to spend more than $1,128,112 on the State Road Improvement Project, then the Township shall reimburse Developer for such cost overruns within ninety (90) days of completion of the State Road Improvement Project.

3.    In all other respects, where applicable, the intent of the original Impact Fee Agreement and the process of waiving fees of the Developer and the recording of credits by the Township related to Phases 1 shall apply to Phase 2 and Phase 3, with the existing funds held by the Township in the current amount of Two Hundred Forty Thousand Dollars ($240,000.00) transferred to the Developer and applied to the applicable costs for the State Road

5941298v2

Improvement Project. All future funding arrangements shall be reasonably agreed upon by the parties hereto.

4.    Developer shall act promptly in commencement and completion of all work required herein and advise the Township regarding any unanticipated matters causing delays in the process and shall comply with all PennDOT requirements, directions and procedures necessary for the expeditious completion of the State Road Improvement Project.

5.    In the event that this Agreement is terminated prior to the approved completion of Phase 2 and Phase 3, then all unpaid Phase 2 and Phase 3 recreation fees along with impact fees shall become due and owing.

IN WITNESS WHEREOF, the Township and the Developer have caused this Agreement to be executed by their appropriate representatives, all of whom have been duly authorized to do so, on the date set opposite their respective names.

**TOWNSHIP OF BENSALEM COUNCIL**

Date: October 15, 2019

BY: _____

JOSEPH KNOWLES, PRESIDENT

ATTEST: _____

JOSEPH PILIERI, SECRETARY

**LENNAR MPA, LLC.**

Date: _____

BY: _____

ROBERT CALABRO, VP of Land

(SEAL)

Witness: _____

{00950252;v1}                3

5941298v2

Case # 2023-07696-0 - JUDGE 39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq.

Case# 2023-07596-0 -JUDGE-39 Received at County of Bucks Prothonotary on 12/02/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.

COMMONWEALTH OF PENNSYLVANIA      :

                                           : ss

COUNTY OF                                  :

On this, the _____17th_____ day of ___October___ , 2019, before me, a Notary Public for the Commonwealth of Pennsylvania, personally appeared JOSEPH KNOWLES, who says that he is the President of the TOWNSHIP OF BENSALEM COUNCIL, and who, being satisfactorily proven to be the person whose name is subscribed to the within instrument, acknowledged that he executed the same for the purposes therein contained.

I hereunto set my hand and official seal.

NOTARY PUBLIC

_Sandra S. Vogel_

Commonwealth of Pennsylvania - Notary Seal
Sandra S. Vogel, Notary Public
Bucks County
My commission expires September 30, 2023
Commission number 1172254
Member, Pennsylvania Association of Notaries

{00950252;v1}

4

5941298v2

STATE OF NEW JERSEY　　　　　　　:

　　　　　　　　　　　　　　　　　: ss

COUNTY OF _MERCER_　　　　　　　:


On this, the ___18th___ day of ___June___, 2019, before me, a

Notary Public for the State of New Jersey, personally appeared ROBERT CALABRO, who

says that he is the VP of Land of LENNAR MPA, LLC and who, being satisfactorily proven

to be the person whose name is subscribed to the within instrument, acknowledged that he

executed the same for the purposes therein contained.

I hereunto set my hand and official seal.


NOTARY PUBLIC

_Yvonne Jeanette Edgerton_


Yvonne Jeanette Edgerton
Notary Public
New Jersey
My Commission Expires April 13, 2021
No. 2407391

Case# 2023-07696-0 JUDGE 39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq.

{00950252;v1}

5941298v2

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: KENNETH FERRIS, Esq.



CONCEPT PLAN
EXTENDED CENTER LEFT-TURN LANE

McMAHON

WATERSIDE MIXED-USE DEVELOPMENT
STATE ROAD (S.R. 2002)
BENSALEM TOWNSHIP    BUCKS COUNTY

BENSALEM REDEVELOPMENT, LP

EXHIBIT A

Case# 2023-07696-0 - JUDGE.39 Received at County of Bucks Prothonotary on 12/07/2023 5:05 PM, Fee = $283.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: KENNETH FERRIS, Esq.



Waterside Mixed-Use Development
Bensalem Township, Bucks County
805530.2F

## ENGINEER'S PRELIMINARY OPINION OF COST FOR CONSTRUCTION

State Road (SR 2002) Off-Site Improvements
1,800 LF of Widening to Extend 3-Lane Section
(Including Mill/Overlay)

**DISCLAIMER:** McM prepared this preliminary cost estimate based on the above-referenced improvements and shall not be considered a final cost estimate. The estimated costs are subject to change based on final engineering design, field conditions, local or regional differences, changes to the plans and/or changes to the unit costs. Final costs are dependant on actual bids from contractors. McM will not be held responsible for any discrepancies between this cost estimate and bid costs. This estimate includes only approximate quantities and costs for utility relocations and does not include right-of-way acquisition.

| Item No. | Description | Comment | | | Unit | Qty. | Unit Cost | Cost |
|---|---|---|---|---|---|---|---|---|
| | *Standard Items* | | | | | | | |
| 1 | Clearing and Grubbing | | | | LS | 1 | $20,000.00 | $20,000.00 |
| 2 | Excavation (Classes 1, 2, 3 & 4) | | | | CY | 2,200 | $35.00 | $77,000.00 |
| 3 | Superpave Wearing Course, 1.5" Depth | | | | SY | 8,800 | $12.00 | $105,600.00 |
| 4 | Superpave Binder Course, 2.5" Depth | | | | SY | 2,800 | $17.00 | $47,600.00 |
| 5 | Superpave Base Course, 6" Depth | | | | SY | 2,800 | $36.00 | $100,800.00 |
| 6 | Subbase 6" Depth (No. 2A) | | | | SY | 2,800 | $15.00 | $42,000.00 |
| 7 | Bituminous Tack Coat | | | | SY | 6,000 | $0.50 | $3,000.00 |
| 8 | Mill of Bituminous Pavement | | | | SY | 6,000 | $4.50 | $27,000.00 |
| 9 | Pavement Build-Up - Leveling | | | | TON | 300 | $70.00 | $21,000.00 |
| 10 | Driveway Adjustment | | | | SY | 300 | $55.00 | $16,500.00 |
| 11 | Pavement Sawcutting and Sealing | | | | LF | 4,200 | $3.00 | $12,600.00 |
| 12 | Plain Cement Concrete Curb | | | | LF | 4,200 | $30.00 | $126,000.00 |
| 12 | 18" Reinforced Concrete Pipe | | | | LF | 1,600 | $90.00 | $144,000.00 |
| 13 | Inlets | | | | EA | 18 | $3,500.00 | $63,000.00 |
| 14 | Manholes | | | | EA | 2 | $4,000.00 | $8,000.00 |
| 15 | Flared End Section | | | | EA | 2 | $1,000.00 | $2,000.00 |
| 16 | 6" Pavement Base Drain | | | | LF | 2,600 | $14.00 | $36,400.00 |
| 17 | Signs and Pavement Markings | | | | LS | 1 | $15,000.00 | $15,000.00 |
| 18 | Topsoil, Seeding and Landscaping | | | | LS | 1 | $25,000.00 | $25,000.00 |
| 19 | *Subtotal Construction Cost* | *Items* | 1 | to 18 | | | | **$892,500.00** |
| 20 | Mobilization | 2% | of Item | 19 | LS | 1 | $17,850.00 | $17,850.00 |
| 21 | Maintenance and Protection of Traffic | 6% | of Item | 19 | LS | 1 | $53,550.00 | $53,550.00 |
| 22 | Construction Survey and Stakeout | 2% | of Item | 19 | LS | 1 | $17,850.00 | $17,850.00 |
| 23 | Erosion and Sediment Control | 2% | of Item | 19 | LS | 1 | $17,850.00 | $17,850.00 |
| 24 | Underground Utility Relocations | 0% | of Item | 19 | LS | 0 | $0.00 | $0.00 |
| 25 | Utility Pole Relocations | | | | EA | 0 | $0.00 | $0.00 |
| 26 | *Total Construction Cost* | *Items* | 19 | to 25 | | | | **$999,600.00** |
| 27 | Engineering, Design, Permitting & Survey | 12% | of Item | 26 | LS | 1 | $119,952.00 | $119,952.00 |
| 28 | Construction Inspection | 5% | of Item | 26 | LS | 1 | $49,980.00 | $49,980.00 |
| 29 | Contingency | 10% | of Item | 26 | LS | 1 | $99,960.00 | $99,960.00 |
| 30 | *Total Project Cost* | *Items* | 26 | to 29 | | | | **$1,269,492.00** |

I:\eng\805530\Design\Cost Estimate\Cost Est CLTL Extension 2018-10-18.xlsx

Prepared By: KLY   Date: 10/18/2018
Checked By: BDD   Date: 10/18/2018